IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     Plaintiff,<br><br>v.<br><br>FLORIDALMA LEIVA-PORTILLO, a/k/a SLORIDALMA LEIVA-PORTILLO and SINUHE BURGOS-URIETA,<br><br>     Defendants. | 1:06-cr-350-WSD |

**OPINION AND ORDER**

This matter is before the Court on Magistrate Judge Linda T. Walker's Report and Recommendation ("Report and Recommendation") [65], regarding Defendant Floridalma Leiva-Portillo's Motion for Severance [37], Motion for Hearing on Existence of One or More Alleged Conspiratorial Agreements and the Connection of Defendant to any Such Alleged Conspiracy ("Motion for Hearing") [44], Defendant Sinuhe Burgos-Urieta's Motion to Suppress [46], and Motion for Disclosure of Confidential Informants[1] [47]. The Magistrate Judge deferred to this

---

[1] Leiva-Portillo's Motion for Bill of Particulars [42] and Burgos-Urieta's Motion for Inventory of Seized Items and for Return of Property [45] were denied by the Magistrate Judge, there were no objections filed, and these decisions were not appealed to this Court. The Court does not find the Magistrate Judge's order

Court for consideration of Defendant Leiva-Portillo's Motion to Sever and Motion for Hearing.  The Magistrate Judge recommended that the other Motions be denied.  No objections to the Report and Recommendation have been filed, thus the Court must conduct a plain error review of the record.  United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983), cert. denied, 464 U.S. 1050 (1984).  In the absence of objections and finding no plain error, the Court adopts the facts set forth in the Report and Recommendation.

## I. BACKGROUND

Defendants Floridalma Leiva-Portillo ("Leiva-Portillo") and Sinuhe Burgos-Urieta ("Burgos-Urieta," together with Leiva-Portillo, the "Defendants") are accused of conspiring to distribute and possessing with intent to distribute cocaine in this district.  The indictment returned against them also seeks forfeiture of assets acquired using funds from Defendants' drug trafficking activities.

---

on these motions to be clearly erroneous or contrary to law, thus these motions are denied.

## II. DISCUSSION

   *A. Motion to Reveal Informant Identities (Defendant Burgos-Urieta)*

In his Motion for Disclosure of Informants, Burgos-Urieta claims these identities should be disclosed because "[e]ach of these individuals is more than 'mere tipsters' in contemplation [of] Roviaro v. United States, 353 U.S. 53 (1957)," and thus must be revealed. The Magistrate Judge recommended that the requests be denied. Because Roviaro does not apply, the Court agrees.

Roviaro stands for the principle that while the identity of informants ordinarily is privileged, "[w]here the disclosure of an informer's identity, or the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way." Roviaro, 353 U.S. at 60-61. Determining whether disclosure is required "calls for balancing the public interest in protecting the flow of information [for effective law enforcement] against the individual's right to prepare his defense." Id. at 62. This balancing involves weighing the "particular circumstances of each case," and includes taking into consideration the crime charged, the possible defenses, and the possible significance of the informant's testimony. Id.

The Eleventh Circuit has stated the criteria to apply in determining whether informant identities must be disclosed to a defendant.  They are:  the extent of the informants' participation in the criminal activity with which the defendants have been charged, the directness of the relationship of the informant's probable testimony to a defendant's asserted defense, and the government's interest in nondisclosure.  United States v. Gutierrez, 931 F.2d 1482, 1490 (11th Cir. 1991).

The Court agrees with the Magistrate Judge's assessment that disclosure is not required here.  The evidence shows the informants were not involved in any of the activity with which Burgos-Urieta is charged, and he has failed even to suggest how any informant's testimony would aid in establishing his defense.  The three criteria established by our Circuit do not support disclosure, thus there is no basis to require disclosure in this case.  The violence of the drug organization, especially the shots exchanged between one of the organization members and Drug Enforcement Administration agents resulting in an organization member's death, underscores the importance of keeping the identity of informants confidential.  The public interest in encouraging and facilitating effective law enforcement, and the protection of the lives of those who provide information, strongly supports the conclusion that the informant identities in this case should not be disclosed.

The Courts finds there is no plain error in the Magistrate Judge's finding and recommendation on this motion, therefore the motions for evidentiary hearing and disclosure of informant identities are denied.

B. *Motion to Suppress (Burgos-Urieta)*

Burgos-Urieta also moves to suppress evidence seized at 1320 Harbin Road, Norcross, Georgia, pursuant to a search warrant issued by a United States Magistrate Judge on April 18, 2006. Magistrate Judge Walker recommended that the motion to suppress be denied because: (I) Burgos-Urieta has not demonstrated that he had an expectation of privacy in this property; (ii) the warrant pursuant to which the search was conducted was based upon timely evidence which established probable cause; (iii) the agents who executed the warrant did so with a good-faith belief that the warrant had been properly issued; and (iv) the fact that a member of the drug organization was shot and killed when the warrant was executed did not constitute excessive force to which Burgos-Urieta could object. The Court agrees with these conclusions.

Burgos-Urieta did not present any facts to show that he had a reasonable expectation of privacy in the Harbin Road premises. In fact, he fails to establish that he had any interest in the premises searched. Minnesota v. Carter, 525 U.S.

5

83, 88 (1998); United States v. Richardson, 764 F.2d 1514, 1526-27 (11th Cir. 1985). There is no evidence he owned the property, resided there, or was present when the search was conducted.[2]

The Court also has reviewed the search warrant and the affidavit on which it was based. The Court finds that the supporting affidavit provided substantial evidence showing probable cause for issuance of the warrant. United States v. Burgos, 720 F.2d 1520, 1525 (11th Cir. 1983); United States v. Martin, 297 F.3d 1308, 1314 (11th Cir. 2002). The evidence of probable cause was strong. The affidavit established that the illegal conduct had been ongoing, and the last act to support probable cause occurred the day before the affidavit was executed. United States v. Bascaro, 753 F.2d 950, 953 (11th Cir. 1984). The nature of the crime here is drug trafficking–a crime that is customarily "protracted and continuous." United States v. Tehfe, 722 F.2d 1114, 1119 (11th Cir. 1983). The Court concludes that the information upon which the warrant was based was current and sufficient to establish probable cause under the circumstances of this case. See Illinois v. Bates, 462 U.S. 213, 238 (1983).

---

[2] Defendant did not even file a response to the standing argument raised by the Government.

Because there were sufficient and timely facts to support the search warrant, the agents executing it necessarily relied on the warrant in good faith. The Court agrees that the warrant's execution was reasonable.

Finally, there is no evidence that the shooting and death that occurred in connection with execution of the warrant constituted excessive force which affected the validity of the execution. There is no evidence that the force used was anything other than necessary to reply to a threat. And there is no evidence or suggestion that the shooting affected the integrity of the search or the evidence seized. There is simply no suggestion how the shooting adversely impacted Burgos-Urieta's rights in this case. For these reasons, the Court agrees that the motion to suppress and for evidentiary hearing should be denied.

*D. Motion to Sever (Leiva-Portillo)*

The Magistrate Judge deferred to this Court Leiva-Portillo's Motion to Sever and Motion for Hearing. The Court will consider that motion in a separate order.

Accordingly, and for the reasons stated above,

**IT IS HEREBY ORDERED** that Defendant Floridalma Leiva-Portillo's Motion for Bill of Particulars [42] is **DENIED**, and the Motion to Sever [37] and Motion for Hearing on Existence of One or More Alleged Conspiratorial Agreements and the Connection of Defendant to any Such Alleged Conspiracy [44] will be considered in a later order.

**IT IS FURTHER ORDERED** that Defendant Sinuhe Burgos-Urieta's Motion to Suppress [46] and Motion for Disclosure of Confidential Informants [47] are **DENIED**.

**SO ORDERED** this 12th day of June, 2007.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE