# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| Plaintiff, | |
| v. | 1:06-cr-350-WSD |
| **FLORIDALMA LEIVA-PORTILLO, a/k/a SLORIDALMA LEIVA-PORTILLO and SINUHE BURGOS-URIETA,** | |
| Defendants. | |

## OPINION AND ORDER

This matter is before the Court on Defendant Floridalma Leiva-Portillo's ("Leiva-Portillo" or "Defendant") Motion for Severance [37], the United States' Response In Opposition to Defendants's Motion for Severance [51], and Defendant's Motion for Hearing on the Existence of One or More Alleged Conspiratorial Agreements and the Connection of Defendant to any Such Alleged Conspiracy ("Hearing Motion") [44].[1]

---

[1] The government has not filed an opposition to the motion and thus it is considered unopposed. The Hearing Motion is granted and a hearing will be scheduled after this case is placed on the trial calendar.

## I. BACKGROUND

Defendant was indicted in a four-count indictment for her involvement in drug trafficking activities. Investigators initially identified Defendant as part of this drug trafficking conduct by intercepting telephone conversations in which Defendant was a party. These conversations and others resulted in the issuance of a warrant to search a residence at 1320 Harbin Road. Agents conducted the search on August 18, 2006. When agents arrived to search the residence, Defendant was found in a bedroom where agents seized approximately 30 kilograms of cocaine and approximately $220,000 in currency. Leivra-Portillo's co-defendant, Sinhue Burgos-Urieta ("Burgos-Urieta") was found in a separate bedroom where approximately three (3) kilograms of cocaine were seized.

Defendant was arrested and charged with conspiracy with intent to distribute cocaine (Count I), possession with intent to distribute cocaine (Count III), and possession of a firearm in furtherance of a drug trafficking offense (Count IV). Defendant is not charged in Count II, where only co-defendant Valdomero Ochoa Pineda is charged with possession of cocaine with intent to distribute. The evidence supporting Count II was found during a traffic stop of a vehicle carrying cocaine loaded from the Harbin Way Road residence. The government states that

the witnesses who will testify with respect to Counts I, III and IV also will testify with respect to Count II.

Leivra-Portillo moves for severance[2] pursuant to Federal Rule of Criminal Procedure 14, arguing that a joint trial with the other defendants would "result in specific and compelling prejudice to Defendant," that a trial with her co-defendants would "deny her the ability to call Sinuhe Burgos-Urieta as a witness to support her defense," and her involvement in the conspiracy was "not voluntary." (Mot. For Severance, at ¶ 4.) She alleges that her defense is substantially different from those of her co-defendants, and in light of the number of defendants and their differing culpability, there is a heightened risk of prejudice to her. Defendant, however, does not describe the defenses of the other defendants, what evidence would prejudice her, or whether Burgos-Urieta intends to testify.

## II.   DISCUSSION

The Federal Rules of Criminal Procedure allow two or more defendants to be charged in an indictment if "they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed. R. Crim. P. 8(b). "The defendants may be charged in one or

---

[2] Leivra-Portillo does not allege that her joinder initially was improper.

more counts together or separately." Id.  However, where the joinder of defendants in an indictment prejudices a defendant, that defendant's trial may be severed from the others.  Fed. R. Crim. P. 14(a).  It is preferable that persons charged together be tried together, especially in conspiracy cases.  United States v. Novation, 271 F.3d 968, 989 (11th Cir. 2001).

In evaluating a severance motion, a court must weigh the prejudice that a defendant might suffer in a joint trial against the interest in judicial economy and efficiency.  United States v. Cross, 928 F.2d 1030, 1037 (11th Cir. 1991).  A defendant must show "specific and compelling" evidence of prejudice such that a jury could not "separately appraise the evidence as to each defendant and render a fair and impartial verdict."  United States v. Liss, 265 F.3d 1220, 1228 (11th Cir. 2001).  Conclusory allegations do not satisfy this burden.  Courts presume that jurors can compartmentalize evidence by respecting limiting instructions specifying what evidence may be considered against what defendant.  United States v. Blankenship, 382 F.3d 1110, 1123 (11th Cir. 2004) (citing United States v. Schlei, 122 F.3d 944, 984 (11th Cir. 1997)).

The Court first concludes that Defendant has failed to show the specific and

4

compelling evidence of prejudice required for severance. Defendant does not support her generalized claim of prejudice with any evidence. There is no evidence against Leivra-Portillo's co-defendant that is irrelevant to the conspiracy with which she is charged or that would unjustly prejudice her. Moreover, Leivra-Portillo does not provide any evidence to support her claim that her participation was involuntary. She does not show how the defenses of other defendants are different from hers, and she has not shown that this conspiracy and the substantive counts are so complex that a jury will be unable to fairly evaluate the evidence against each defendant.

Even if there was evidence that does not relate to Defendant, this Court cannot conclude that a proper limiting instruction could not direct jurors to consider evidence only against those defendants to whom it pertains. The substantive counts alleged in the indictment appear to describe a relatively common drug conspiracy and enterprise. Moreover, the Government states that the evidence it intends to present at trial will pertain to all four counts of the indictment, and the evidence presented on Count II will be relevant to the conduct alleged in Courts I, III and IV. If this is not the case, Leivra-Portillo may request an instruction limiting the jury's consideration of evidence that does not pertain to

her.

The Court is not convinced that Defendant will be denied the testimony of her co-defendant Burgos-Urieta if the Court denies her motion for severance. There is no evidence of whether he will testify on Lievra-Portillo's behalf. The requirements for severance are strict where a defendant seeks to introduce the testimony of a co-defendant. The defendant must show: "(1) a bona fide need for the [co-defendant's] testimony; (2) the substance of the desired testimony; (3) the exculpatory nature and effect of the desired testimony; and (4) that the co-defendant would indeed have testified at a separate trial." Novation, 271 F.3d at 989. Severance is not warranted when the defendant only makes "bare exculpatory denials, devoid of any specific exonerative facts." United States v. Pepe, 747 F.2d 632, 651 (11th Cir. 1984).

Leivra-Portillo fails to meet any of these criteria. She does not discuss the testimony she would elicit from Burgos-Urieta, how it effects her involuntary participation defense, and she certainly does not provide any evidence that Burgos-Urieta would testify on her behalf if called.

### III. CONCLUSION

Defendant Leivra-Portillo does not present a credible basis to support her motion for severance.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Floridalma Leiva-Portillo's ("Leiva-Portillo") Motion for Severance [37] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant Leiva-Portillo's Motion for Hearing on Existence of One or More Alleged Conspiratorial Agreements and the Connection of Defendant to any Such Alleged Conspiracy ("Hearing Motion") [44] is **GRANTED** and a hearing on the motion will be scheduled after this case is placed on the trial calendar.

**SO ORDERED** this 12th day of June, 2007.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE